PESACH LILLIENFELD, Also Known as PEARL LILLIENFELD, Respondent, v. ARTHUR KALFUS and BENJAMIN KALFUS, Copartners Doing Business under the Firm Name and Style of I. KALFUS Co., GEORGE R. HENRY and ISADOR GOETZ, Appellants.—Order granting, on reargument, plaintiff's motion for an injunction *pendente lite* and directing the return of two hundred dollars by defendant Henry affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ., concur.

ARTHUR LONDON, Appellant, v. NESTOR FAGNANT, Also Known as LOUIS FAGNANT, Defendant. WALTER F. QUINN and ELLEN QUINN, Respondents.— Order of Appellate Term affirmed, without costs. The testimony of plaintiff and of the witness Phillips warranted the inference that there was usury. Lazansky, P. J., Rich and Kapper, JJ., concur; Hagarty and Scudder, JJ., dissent and vote to reverse, with the following memorandum: The record does not contain any competent evidence of usury. The statement by the defendant maker to the defendant accommodation indorser, that the full amount of the note was not advanced, is hearsay and has no probative force.

LONG ISLAND SEED COMPANY, INC., Respondent, v. MARTIN WESNOFSKY and MARY WESNOFSKY, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Young, Kapper and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE ARVIDSON, Appellant.— Judgment of conviction of the County Court of Nassau county reversed upon the law and the facts, and a new trial ordered. The inquires by the district attorney of the witness Langley regarding defendant's connection with an automobile accident, as to the payment by defendant for a motor car with a bad check, as to defendant's having driven a motor car while intoxicated and unlicensed, as to Langley's " trying to alibi " defendant on a former occasion having no relation, as had none of these matters, to the charge upon which defendant was being tried, as to defendant's having taken a girl in a motor car and his attempted assault upon her, also wholly unrelated to the present charge, were, in our opinion, improper and of so prejudicial a character as to require a new trial. The question in the case at bar was whether defendant was so intoxicated as to eliminate guilty intent in giving a worthless check for the dog which he had purchased. That question was not so free of doubt that it can be said that these improper inquiries of the district attorney were harmless. Lazansky, P. J., Rich, Young, Kapper and Tompkins, JJ., concur.